NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3207
_____

DURGA PRASAD GHARTI,
                              Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
(A208-926-527)
Immigration Judge: Honorable John B. Carle
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 30, 2020
_____

Before: GREENAWAY, JR., PORTER, and MATEY, *Circuit Judges*.

(Opinion Filed: May 14, 2020)

_____

OPINION[*]
_____

GREENAWAY, JR., *Circuit Judge*.

Durga Prasad Gharti ("Petitioner" or "Gharti") seeks review of an order of the

Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of

his request for asylum and withholding of removal under the Immigration and

Naturalization Act ("INA").  For the reasons that follow, we will grant the petition and

remand to the BIA for further consideration of Gharti's claim for asylum.

## I.     BACKGROUND

### A.  Factual Background

Gharti is a Nepali national who has a wife and three children in Nepal.  He arrived

in the United States on March 23, 2016 without a valid entry document.  Charged with

removability under 8 U.S.C. § 1182(a)(7)(A)(i)(I), Gharti appeared with counsel before

the IJ pursuant to a Notice to Appear, conceded removability, and indicated that he would

be applying for asylum, withholding of removal, and for protection under the Convention

Against Torture ("CAT").[1]

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Since Petitioner did not argue in his opening brief that the BIA erred in denying his CAT claim, we will consider that issue waived.  *Garcia v. Att'y Gen.*, 665 F.3d 496, 502 (3d Cir. 2011), *as amended* (Jan. 13, 2012).

2

At his hearing before the IJ, Gharti entered supporting documents into evidence, including a statement from his wife, a joint statement from his neighbors, proof of Nepali Congress Party membership, and a letter from the Nepali Congress Party. Gharti also testified to the following in support of his claims for relief:

In 2007, Gharti left Nepal to work for a year as a cook for an American company serving United States troops in Iraq. After returning home in 2008, Muslims threatened him in February 2009 and angrily accused him of working for Americans who "were killing our Muslim brothers." A.R. 114. In 2015, he was again threatened by Muslims when leaving his home on his way to work. This time, the threat came in the form of a gesture of slitting one's throat.

Gharti identifies as a general member of the Nepali Congress political party. He campaigned for the Nepali Congress Party during the 2013 election by hanging posters and urging the general public to vote for the Nepali Congress Party. On November 19, 2013 fifteen or sixteen people from the opposition party, the Maoist Party, entered his home and threatened that "if [he] didn't support the Maoist [Party], there [would] be consequences," and that they would kill him. A.R. 131. Gharti stated that he was frightened, so he responded by saying "I will support you," and the Maoists left him alone. A.R. 116–17. However, Gharti continued to support the Nepali Congress Party.

Two years later, in 2015, Gharti went to a Nepali Congress Party meeting in his village where he says he saw Maoists watching from fifty meters away. Two days after the meeting, the group of Maoists that he saw at the meeting came to his home, beat him,

3

and threatened to kill him. They accused him of lying about his support for them. Gharti stated that he was able to get away and ran to the district's headquarters, the equivalent of a county seat, where he felt he would be safer. That was the last time Gharti saw his family.

Gharti stated that he did not go to the police at the district headquarters because the police "did not investigate or pay any attention" to these types of incidents. A.R. 142. He also testified that he "was not physically very injured" and did not have any scars as a result of the physical assault. *Id.* Gharti then fled by bus to Kathmandu. Upon arriving in Kathmandu, Gharti contacted his wife who said the Maoists demanded that she bring Gharti back and threatened to harm Gharti. Gharti testified that in order to save himself, he met with an agent who helped him get to the United States.

On March 29, 2017, after his arrival in the United States, Gharti's wife contacted him and told him that Maoists had come to their home asking for money. After she refused, the Maoists assaulted her by ripping her clothes and threatening to kill her and her children.

### B. Procedural Background

On February 13, 2018, the IJ issued an oral decision denying Gharti's applications for relief and ordering him removed to Nepal. Although the IJ found Gharti to be credible, the IJ concluded, *inter alia*, that Gharti had not met his burden to show that he was eligible for asylum because he had not demonstrated "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular

4

social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Gharti appealed the IJ's decision to the BIA, and on September 9, 2019, the BIA dismissed Gharti's appeal for the same reasons stated by the IJ. Gharti timely filed the petition for review that is now before us.

After the parties submitted their opening briefs, this Court issued *Herrera-Reyes v. Attorney General*, which elaborated on the test for past persecution in cases involving threats. 952 F.3d 101 (3d Cir. 2020). We asked the parties to comment on the relevance of *Herrera-Reyes* to this case. In response, the Attorney General filed a motion to remand so that the BIA and IJ could apply *Herrera-Reyes* in the first instance. Gharti submitted a separate response arguing that *Herrera-Reyes* lends further support to his case for asylum and did not join the Attorney General's motion.

## II. JURISDICTION & STANDARD OF REVIEW

This Court has jurisdiction to review final orders of removal issued by the BIA. 8 U.S.C. § 1252(a)(1). Because the BIA has affirmed the IJ's decision and adopted the IJ's reasoning, we will review the IJ's opinion "to the extent affirmed or incorporated by the Board." *Garcia v. Att'y Gen.*, 665 F.3d 496, 502 (3d Cir. 2011), *as amended* (Jan. 13, 2012) (citations omitted). We review the BIA's factual findings under the deferential, substantial-evidence standard. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992).

The BIA's determination of whether or not a petitioner has proven past "persecution" or a "well-founded fear of persecution" that would render the petitioner eligible for asylum "is a question of fact, and the agency determination must be upheld if

5

it is supported by substantial evidence in the record." *Gomez-Zuluaga v. Att'y Gen.*, 527 F.3d 330, 340 (3d Cir. 2008) (internal quotations omitted). But we need not defer to the BIA's findings where its "conclusions are based on inferences or presumptions that are not reasonably grounded in the record, viewed as a whole." *Valdiviezo-Galdamez v. Att'y Gen.*, 502 F.3d 285, 290 (3d Cir. 2007). This includes instances where the BIA simply "ignore[s] or misconstrue[s] evidence[.]" *Espinosa-Cortez v. Att'y Gen.*, 607 F.3d 101, 107 (3d Cir. 2010).

## III.   DISCUSSION

Based on our precedent, our discussion begins with asylum. This analysis requires us to conclude that we must grant the petition so that the BIA can determine the applicability of *Herrera-Reyes* in the first instance and so the BIA may reconsider Gharti's asylum claim in light of evidence that the IJ and BIA previously overlooked.

### A. Legal Framework for Asylum[2]

---

[2] At the outset, we find that we lack jurisdiction to review the denial of withholding of removal. To the extent that we should consider Gharti's request regarding withholding of removal made fleetingly at the very end of his opening brief, we are precluded from doing so because the BIA deemed this claim waived and Gharti does not challenge the BIA's finding of waiver. A.R. 3; *see* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right[.]"); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993) (finding that arguments not developed in the opening briefs should be considered waived). A claim for withholding of removal under the INA § 241(b)(3), which is a separate form of relief, similarly requires that the applicant show persecution on account of a protected ground. However, an applicant for withholding must demonstrate that such persecution is "more likely than not" to occur, whereas relief under asylum only requires that an applicant show that he or she is unwilling or unable to return to his or her country of origin. *Gomez-Zuluaga*, 527 F.3d at 348.

The Attorney General is authorized to grant asylum to a refugee if they are unable or unwilling to return to their country of origin "because of persecution or a well-founded fear of persecution." 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(A). Persecution "includes, but is not limited to, 'threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom.'" *Gomez-Zuluaga*, 527 F.3d at 340 (quoting *Yu v. Att'y Gen.*, 513 F.3d 346, 348 (3d Cir. 2008)). The applicant bears the burden of establishing past persecution or that a fear of future persecution is well-founded, and that one of five protected grounds, "race, religion, nationality, membership in a particular social group, or political opinion[,] was or will be at least one central reason" for persecution. 8 U.S.C. § 1158(b)(1)(B); *see also Singh v. Gonzales*, 406 F.3d 191, 195 (3d Cir. 2005) ("Testimony, by itself, is sufficient to meet this burden, if credible." (quotation marks and citations omitted)).

An applicant "who establishes that he or she was previously persecuted on account of a statutorily enumerated ground triggers a rebuttable presumption that the applicant has a well-founded fear of future persecution." *Espinosa-Cortez*, 607 F.3d at 107. The Attorney General may rebut this presumption by establishing that the conditions in the applicant's country have changed so as to make the applicant's fear no longer reasonable

---

We do, however, have jurisdiction over Gharti's claims of asylum, which the BIA reviewed on the merits.

7

or that the applicant could avoid future persecution by relocating to another part of his or her country.  8 C.F.R. § 208.13(b)(1)(i).

However, "it is not necessary for a petitioner to show past persecution if [he or she] can nonetheless show a well-founded fear of future persecution without the benefit of such a presumption." *Gomez-Zuluaga*, 527 F.3d at 345.  An applicant's fear of future persecution is well-founded where the fear is based on one of the five statutorily protected grounds, there is a reasonable possibility of suffering if the applicant were returned, and the applicant is unable or unwilling to return because of his or her fear of persecution.  8 C.F.R. § 208.13(b)(2)(i).  Thus, to establish a well-founded fear of future persecution, the applicant must demonstrate both a subjective fear and an objectively reasonable possibility of persecution.  *See Chavarria v. Gonzalez*, 446 F.3d 508, 520 (3d Cir. 2006).  But an applicant that can satisfy these elements to show a fear of future persecution nevertheless falls short of relief if the applicant "could avoid persecution by relocating to another part of the applicant's country of nationality."  8 C.F.R. § 208.13(b)(2)(ii).

**B. Remand is Necessary to Determine the Applicability of *Herrera-Reyes* and for Reconsideration based on the IJ and BIA's Failure to Consider Evidence of a Particularized Threat**

Gharti raises two challenges to the BIA and IJ's decisions to deny him relief under asylum.  First, he argues that the BIA erred in affirming the IJ's finding that he failed to meet his burden for showing past persecution.  Second, he contends the BIA erred in affirming the IJ's finding that he did not meet the objective prong to demonstrate a well-

founded fear of future persecution on account of political opinion.[3]  Regarding the former, we will grant the petition for review and remand to the BIA to consider the applicability of our recent opinion in *Herrera-Reyes* to Gharti's arguments on past persecution.  As to the latter, we agree with Petitioner and find that the IJ's failure to consider evidence that the Maoists targeted Gharti constitutes error.  We will therefore grant the petition for review and remand to the BIA and IJ for reconsideration of whether Gharti presented substantial evidence to establish a well-founded fear of future persecution in light of this evidence.

**1. The BIA and IJ Should Consider the Applicability of *Herrera-Reyes* to Past Persecution in the First Instance**

Our analysis usually begins with the presumption of a well-founded fear of future persecution based on a demonstration of past persecution since it "is often determinative of a petitioner's asylum claim."  *Gomez-Zuluaga*, 527 F.3d at 345.  But we draw no conclusions regarding the BIA and IJ's factual findings of past persecution related to the threats and assault at the hands of the Maoists.  Instead, we will grant the Attorney General's motion to remand to the BIA for consideration, in the first instance, of *Herrera-Reyes*, which elaborated on the "concrete and menacing" standard related to

---

[3] Although the IJ and BIA also found that Gharti was ineligible for asylum based on a fear of future persecution on account of membership in a particular social group, Gharti does not challenge that determination in his opening brief.  We will therefore consider a claim on this protected ground waived.  *Cf. Garcia*, 665 F.3d at 502.

threats, and found that an asylum applicant's evidence of past persecution must be viewed for the "cumulative effect," including any escalation from threats to actual harm, 952 F.3d at 107–08, 110–11. *Cf. Valdiviezo-Galdamez*, 502 F.3d at 290 (remanding to the BIA for reconsideration in light of a relevant, recent opinion not previously applied by the IJ).

**2. The IJ and BIA Erred in Failing to Consider Maoist Threats and Assault as Particularized Threats Demonstrating an Objective Element of a Fear of Future Persecution**

Next, Gharti challenges the BIA's affirmance of the IJ's finding that he had not established a well-founded fear of future persecution because he had not shown, objectively, a reasonable possibility of a fear of future persecution on account of political opinion. We agree with Petitioner and remand for further consideration.

To satisfy the objective prong of a well-founded fear of future persecution, an applicant "must show she would be individually singled out for persecution or demonstrate that 'there is a pattern or practice in his or her country of nationality . . . of persecution of a group of persons similarly situated to the applicant on account of race, religion, nationality, membership in a particular social group, or political opinion. . . .'" *Lie v. Ashcroft*, 396 F.3d 530, 536 (3d Cir. 2005) (quoting 8 C.F.R. § 208.13(b)(2)(iii)(A)). To determine whether an asylum applicant was persecuted based on an imputed political opinion, we look to whether "the persecutor attributed a political opinion to the victim, and acted upon the attribution." *Amanfi v. Ashcroft*, 328 F.3d 719, 729 n.4 (3d Cir. 2003). The asylum seeker must provide "some evidence of [motive],

10

direct or circumstantial." *Gomez-Zuluaga*, 527 F.3d at 343 (quoting *Elias-Zacarias*, 502 U.S. at 483); *see also Canales-Vargas v. Gonzales*, 441 F.3d 739, 744 (9th Cir. 2006) ("[T]he factual circumstances alone may constitute sufficient circumstantial evidence of a persecutor's . . . motives." (internal quotation marks and citation omitted)).

The IJ's finding that Gharti "failed to establish that his fear of persecution is objectively reasonable" was based entirely on the IJ's analysis of Nepal's country reports. A.R. 65.[4] But in determining whether Gharti had met his burden to show that he would be singled out for his beliefs, the IJ overlooked the testimonial and documentary evidence that Maoists targeted Gharti and his family because of Gharti's affiliation with the Nepal Congress Party.[5] This includes testimony that, after Gharti publicly campaigned for the Nepali Congress Party in 2013, members of the Maoist opposition party entered Gharti's home and threatened to kill him, as well as testimony of the physical assault Gharti endured at his home in 2015, days after Maoists saw him at a Nepali Congress Party meeting. When the Maoists assaulted Gharti, they also accused Gharti of lying in 2013 when he pledged his support for the Maoists out of fear, which could indicate that Gharti was the specific target of the Maoists' violence. The IJ also ignored testimony that

---

[4] However, we agree that the country reports are relevant to the IJ's determination that Gharti could not show a pattern or practice in Nepal of persecuting persons who share Gharti's political beliefs.

[5] The IJ specifically determined that "respondent has not established that he is likely to be singled out for persecution based on his political opinion. . . ." A.R. 66. For clarity, we reiterate that the standard for establishing a well-founded fear of future persecution for asylum relief is not whether an applicant is "likely" to be targeted, but whether there is a "reasonable possibility" of persecution. 8 C.F.R. § 208.13(b)(2)(i).

Maoists had returned to Gharti's family home shortly after he fled his village, demanded that his wife bring Gharti back and again threatened to harm Gharti. Finally, the IJ took note of Gharti's wife's documented statement that Maoists had assaulted her and threatened her family after Gharti had fled Nepal, but not for its relevance to whether Gharti had presented evidence of a particularized threat of future persecution.

Since the IJ's finding and BIA's summary affirmance is unsupported by the record, we decline to defer to the IJ's factual finding. *Espinosa-Cortez*, 607 F.3d at 113–14 ("Although our review of the BIA's conclusion that a person does not have a well-founded fear of persecution is deferential, the BIA may not simply overlook evidence in the record that supports the applicant's case."). We will therefore remand to the BIA for further consideration of this relevant evidence in its determination of whether Gharti has met his burden to show a well-founded fear of future persecution that would entitle him to asylum relief. *See Garcia*, 665 F.3d at 504 (remanding for consideration of other elements in application for relief not previously considered by the BIA).

## IV. CONCLUSION

We will grant the petition for review and remand to the BIA for further consideration of Gharti's claim for asylum consistent with this opinion.